ERVING *v.* MAYOR, ETC., OF THE CITY OF NEW YORK.

*(Superior Court of New York City, General Term.* December 10, 1891.)

MUNICIPAL CORPORATIONS—CONTRACTS—FORFEITURE OF BIDS.

Laws 1882, c. 410, § 64, (consolidation act,) relating to New York city, which provides that a bidder for a city contract, whose bid has been accepted, and who fails to furnish proper security "within five days after written notice" that the contract has been awarded to him, shall forfeit the deposit accompanying his bid, is penal in its nature, and must be strictly construed, so that, in case of a failure of the authorities to give written notice of acceptance of the bid to the bidder, the forfeiture will not occur, though the bidder be otherwise apprised of the acceptance of the bid.

Appeal from special term.

Action by William F. Erving against the mayor, aldermen, and commonalty of the city of New York. From a judgment for plaintiff, defendants appeal. Affirmed.

The opinion of Mr. Justice McADAM, filed at special term, was as follows:

"The defendant advertised, inviting bids for regulating, grading, flagging, curbing, and guttering the first new avenue west of Eighth, between 144th and 155th streets, and requiring that each bid be accompanied by a certified check in a sum not less than five per centum of the amount of the bond required, which was $20,000. The plaintiff was the lowest bidder, and the commissioner of public works transmitted the bid, bond, and check to the comptroller for the purpose of having the sufficiency of the sureties determined. The defendant alleges that the plaintiff was apprised of the fact that he was the lowest bidder, and that such apprisal was the award of the contract to him; that the sureties furnished were examined by the comptroller, found not to be satisfactory, and were rejected, and that the plaintiff neglected to present other sureties, whereupon the work was readvertised, and let at a higher price than the original bid of the plaintiff, whereby, and in consequence thereof, the deposit of $1,000 was forfeited, by force of the provisions of section 65 of the consolidation act of 1882. Whether there was such a forfeiture is the question to be determined. The award contemplated is more than an apprisal that the plaintiff is the lowest bidder; it is a *quasi* judicial act, formal in its character, involving a determination by the officials of all the facts in the nature of conditions precedent. *Gas-Light Co.* v. *Donnelly,* 25 Hun, 614, affirmed 93 N. Y. 557; *People* v. *Gleason,* 121 N. Y. 631, 25 N. E. Rep. 4. The act, Laws 1882, c. 410, § 64, provides that, if the lowest bidder shall neglect or refuse to accept the contract within five days after written notice that the same has been awarded to him, or if he accepts, but does not execute the contract and give the proper security, the work shall be readvertised and relet. The five-days written notice required by this section was not given. Section 65 provides that, if the lowest bidder shall refuse or neglect, within five days after due notice that the contract has been awarded, to execute the same, the amount of deposit made by him shall be forfeited to and retained by the city, as liquidated damages for such neglect or refusal, and shall be paid into the sinking fund of the city; but, if the lowest bidder shall execute the contract within the time aforesaid, the amount of his deposit shall be returned to him. The due notice referred to in this section is the written notice referred to in the preceding section. The sections referred to constitute a revision of the act of 1881, (chapter 147,) designed to protect the city from loss that might occur by the refusal of the lowest bidder to execute the contract, in the manner and form required by law, after the award thereof by the corporate authorities. The section creating the forfeiture is penal in its nature, and is to be strictly interpreted. Forfeitures are not favored, and courts adhere to the precise words of the condition to prevent a forfeiture. The plaintiff submitted his bid in good faith, and earned all the consideration the nature of the

transaction entitled him to receive. If the bid offered did not meet legal requirements, it might have been disregarded, and the contract awarded to the next bidder whose bid satisfied the law. If this had been done, the plaintiff would have been entitled to the return of his deposit, for he was not the lowest bidder, in legal contemplation. If the plaintiff's bid was the lowest, and met legal requirements, then it became the duty of the defendant's agents to formally award the contract to the plaintiff, and give him the five-days written notice of such award. If the sureties were not satisfactory to the comptroller, he should have notified the plaintiff, and afforded him a reasonable opportunity of furnishing others. It was not intended to enforce forfeiture under the section cited, except where it became necessary to protect the interests of the city. There should be no loss to the plaintiff without a reasonable possibility of whatever gains the contract might have afforded. The defendant could acquire title to the plaintiff's money only by a literal compliance with all the requirements of the statute necessary to produce such a result. The determination of the questions left to the decision of the authorities must not be arbitrary or capricious, but judicial in its character, and fair. The plaintiff was not notified of the rejection of his sureties, and was not afforded an opportunity of furnishing others, so that the plaintiff has not been put in default; nor has the defendant, by forfeiture or otherwise, become the owner of the plaintiff's deposit. It has been duly demanded, and the plaintiff is entitled to its return, with interest from the time of such demand. These views do not conflict with those expressed in *Moore* v. *Loew*, (MS. opinion, Com. Pl. Dec. 11, 1886; affirmed by general term and by court of appeals, without opinion, 105 N. Y. 666, 13 N. E. Rep. 928.) In that case the contract was legally awarded to Moore, and, after his sureties were rejected, he refused to furnish others in their place. There was a clear forfeiture of the deposit in that case. Not so here. The material facts are admitted, and there is no issue for the trial term. It follows that the plaintiff is entitled to judgment for $1,000,—the amount of the deposit,—with interest as aforesaid, and the motion therefor must be granted, with costs."

Argued before SEDGWICK, C. J., and FREEDMAN and DUGRO, JJ.

*William H. Clark*, for appellant.     *Richard T. Morrison*, for respondent.

DUGRO, J.     The judgment and order appealed from are affirmed upon the opinion of the learned judge below.     All concur.

---

### TABOR *v.* TABOR.

*(Superior Court of New York City, General Term.   December 14, 1891.)*

**1. ACTION FOR DIVORCE—PRACTICE—DISMISSAL FOR WANT OF PROSECUTION.**

In an action by a wife for divorce, defendant was arrested on affidavits setting forth his intention to leave the state, and committed to jail. Defendant, after seven months' confinement in jail, moved to dismiss the complaint for want of prosecution. Plaintiff averred that she had not the means wherewith to prosecute the action by reason of defendant's non-payment of alimony, and that, by reason of such non-payment, defendant was in contempt, and not entitled to move for dismissal of the complaint. *Held* that, no proceedings for contempt having been instituted, defendant was not imprisoned for contempt, and that the court properly ordered a dismissal, unless plaintiff should notice the cause for trial at the next term of the court.

**2. SAME—DISCRETION OF COURT.**

Code Civil Proc. § 822, provides that when plaintiff unreasonably neglects to proceed in his action "the court may, in its discretion," on the application of defendant, dismiss the complaint, and render judgment accordingly. Rule 36, Gen. Rules. Prac., provides that defendant may make such application "at any time after younger issues have been tried in their regular order." *Held* that, younger issues. having been tried in the present case, the court exercised a discretion in granting defendant's motion, and that the same should not be disturbed.

Appeal from special term.